**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONALD HIRSCH,
Plaintiff-Appellant,

v.                                                                    No. 98-1551

CITY OF BOWIE,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-97-1696-DKC)

Submitted: December 1, 1998

Decided: December 29, 1998

Before MURNAGHAN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald Hirsch, Appellant Pro Se. Elissa Doe Levan, MILES &
STOCKBRIDGE, Columbia, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald Hirsch appeals from the district court's order granting summary judgment in favor of the Defendant in Hirsch's 42 U.S.C.A. § 1983 (West Supp. 1998) case seeking to enjoin the Defendant from instituting a second proceeding against him for constructing a fence on his property in violation of Section 26-2 of the city code. Finding no reversible error, we affirm.

Hirsch contends that allowing the Defendant to proceed against him a second time constitutes a violation of the Double Jeopardy Clause because § 26-2's prescribed penalty is criminal in nature. The Supreme Court has recently addressed the proper inquiries for determination of whether a penalty is a criminal penalty, which invokes the protections of the Double Jeopardy Clause, or a civil penalty, which does not. See Hudson v. United States, 522 U.S. 93 (1997). In Hudson, the Court abrogated its prior statements in United States v. Halper, 490 U.S. 435 (1989), and returned to its precedent articulated in Kennedy v. Mendoza-Martinez, 372 U.S. 144 (1963), and revived in United States v. Ursery, 518 U.S. 267 (1996). Under this precedent, courts are to engage in a two-prong, multi-factor test to determine whether penalties are civil or criminal in nature.

First, the court must ask whether the legislature,"`in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other.'" Hudson, 522 U.S. at ___, 66 U.S.L.W. 4024, 4026 (quoting United States v. Ward, 448 U.S. 242, 248 (1980)). If the legislature intended a criminal penalty, then the inquiry ends and the protections of the Double Jeopardy Clause are invoked. If the legislature intended a civil penalty, however, courts must then ask whether the "statutory scheme [is] so punitive in either purpose or effect as to `transform what was clearly intended as a civil remedy into a criminal penalty.'" Hudson, 522 U.S. at __, 66 U.S.L.W. at 4026 (quoting Rex Trailer Co. v. United States, 350 U.S. 148. 154 (1956)). In making this determination, courts should consider:

> (1) "[w]hether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been

2

regarded as a punishment"; (3) "whether it comes into play only on a finding of scienter"; (4) "whether its operation will promote the traditional aims of punishment--retribution and deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purpose assigned."

Id. (quoting Kennedy, 372 U.S. at 168-69).

Having applied these inquiries in the above manner to the ordinance at issue in Hirsch's appeal, we conclude that the penalty prescribed by § 26-2 is a civil penalty which does not invoke the protections of the Double Jeopardy Clause. Accordingly, we affirm the district court's grant of summary judgment in favor of the Defendant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED